# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. WELLMAN,<br><br>                Plaintiff,<br><br>   v.<br><br>FIRST FRANKLIN HOME LOAN SERVICES,<br><br>               Defendant. | CASE NO. 09 CV 1257 JM (NLS)<br><br>**ORDER:**<br>**1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; and**<br>**2) REMANDING TO STATE COURT**<br><br>Doc. No. 4 |

On April 28, 2009, Plaintiff Timothy J. Wellman ("Plaintiff"), appearing *pro se*, filed a breach of contract action in state court, raising claims arising out of a mortgage transaction. (Doc. No. 1, Exh. 1, "Compl.") Defendant Home Loan Services ("HLS"), erroneously sued as First Franklin Home Loan Services, removed the action to federal court based on federal question jurisdiction. (Doc. No. 1.) Although Plaintiff's form complaint noted causes of action for breach of contract and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, it also referred to violations of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*, the Home Mortgage Disclosure Act ("HMDA"), 12 U.S.C. § 2801, and the "Consumer Protection Act."[1] (Compl. at 2.) Attached to the

---
[1] Although HLS argues federal questions are presented within the context of Plaintiff's breach of contract claim, the court construes the Complaint as reciting separate federal law claims.

Complaint is a "Mortgage Loan Audit & Loan Review" allegedly performed by Real Estate Attorney Support Services. (Compl., "Audit.")

Pending before the court is HLS's Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 4, "Mot.") Defendant's motion was accompanied by a Request for Judicial Notice. (Doc. No. 5, "RJN.") To date, Plaintiff has filed no opposition nor a statement of non-opposition as required by Civil Local Rule 7.1. When an opposing party does not file papers in the manner required by Civ.L.R. 7.1(d)(2), the court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." Civ.L.R. 7.1(f)(3)(c). Notwithstanding Plaintiff's failure to respond, the court reviews the motion on the merits to ensure dismissal is appropriate. Pursuant to Civ.L.R. 7.1(d), this matters was taken under submission by the court without oral argument on July 24, 2009.

For the reasons set forth below, the court **GRANTS** Defendants' motion to dismiss.

**I. BACKGROUND**

On November 9, 2006, Plaintiff purchased his primary residence at 2041 Zlatibor Ranch Road, Escondido, California (the "Property") with a loans of $1,320,000 and $300,000 from lender First Franklin.[2] (Audit at 1, 5, 9; RJN, Exh. 1.) The loans were secured by two deeds of trust on the Property, which were recorded on November 14, 2006. (RJN, Exhs. 1-2.)

Plaintiff's Complaint itself alleges only that, "[b]ased on a professional forensic loan audit & review, at a min., the defendant has violated the Truth-in-Lending Act. The APR and Finance Charge were deceptively and fraudulently disclosed to the plaintiff." (Compl. at 2.) The Audit alleges improper or lacking TILA disclosures regarding nonrefundable fees, the terms and mechanism for rate changes for adjustable rate mortgages, the annual percentage rate and finance charges applicable to Plaintiff's loan, and the total amount payable over the life of the loan. (Audit at 3, 7-8.) The Audit did not test RESPA compliance and concludes HOEPA's provisions do not apply to the loan. (Audit at 12-13.) Nevertheless, the Audit opines the violations "include but are not limited to, the Truth in Lending Act, Consumer Protection Act, Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, and the Home Mortgage Disclosure Act." (Audit at 1.) Plaintiff seeks

---

[2] It appears the Audit reviewed only the loan for $1,320,000 and not the second loan.

1  damages of $1,600,000 plus interest and attorney's fees (despite the fact he is unrepresented).
2  (Compl. at 2.)

## II.  DISCUSSION

### A.  Legal Standards

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).  In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom.  See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).  While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level...."  U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981); Bell Atlantic Corp. v. Twombly, 550 US 544, 555 (2007).  The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice.  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  Under the "incorporation by reference" doctrine, the court may refer to documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted).  Consideration of matters of public record "does not convert a Rule 12(b)(6) motion to one for summary judgment."  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).  To this end, the court considers the first Deed of Trust, as sought by Defendants in their Request for Judicial Notice.[3]  (RJN, Exh. 1.)

//

---

[3] Because the Audit, and thus Plaintiff's Complaint, address only the $1,320,000 loan, the court need not consider the second Deed of Trust (RJN, Exh. 2) in ruling on the instant motion.

**B. Analysis**

Plaintiff's TILA claim for damages and his RESPA claim are barred by one-year statutes of limitations. 15 U.S.C. § 1640(e); 12 U.S.C. § 2614. Plaintiff fails to state a claim under HOEPA, as "residential mortgage transactions," such as Plaintiff's purchase money mortgage, are expressly excluded from coverage. 15 U.S.C. § 1639(a)(1). A "residential mortgage transaction" is defined in turn by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, ... or equivalent consensual security interest...created...against the consumer's dwelling to finance the acquisition...of such dwelling." Plaintiff fails to state a claim for violation of HMDA because this statute provides only for administrative enforcement. 12 C.F.R. § 203.6. Finally, Plaintiff mentions the Consumer Protection Act, but this court is unaware of any so-named federal or state statute which might govern the transaction.[4] Defendant's motion to dismiss these claims is granted.

With all federal causes of action dismissed from the case, the court lacks subject matter jurisdiction over Plaintiff's remaining state law claim for breach of contract. Plaintiff's breach of contract claim is therefore remanded to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendant's motion to dismiss this claim is denied.

**III.  CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED IN PART and DENIED IN PART.** Accordingly, Plaintiff's claims under TILA, HOEPA, RESPA, HMDA, and the "Consumer Protection Act" are **DISMISSED** with prejudice and Plaintiff's breach of contract claim is **REMANDED** to state court. The Clerk of Court is instructed to close the case file.

DATED: August 4, 2009

Hon. Jeffrey T. Miller
United States District Judge

---

[4] The closest contender is California's Tanner Consumer Protection Act, a "lemon law" which protects consumers who buy or lease new automobiles. Cal. Civ. Code §§ 1793.2(d) and 1793.22.